

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2007

# Byrd v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3894

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Byrd v. Philadelphia" (2007). *2007 Decisions.* Paper 535.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/535

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3894
_____

HADDRICK BYRD,

Appellant

v.

CITY OF PHILADELPHIA; JOHN STREET, Mayor; SYLVIA JOHNSON,
Police Commissioner; ALBERT PARIS, Retired Police Detective,
Badge #929; MARTIN BUCK, Retired Police Detective, Badge
#9071; MCCABE, Retired Police Detective, Badge #609; K.
CURCIO, Retired Police Detective, Badge #970; RYAN, Retired
Police Sergeant, Badge #8612; F. EMMETT FITZPATRICK, Former
District Attorney; LYNNE ABRAHAM, District Attorney; ROBERT SHANNON,
Superintendent; KOZAR, Records Supervisor; B. L. TRITT,
Corrections Classification Program Manager
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-01957 )
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
August 2, 2007

BEFORE: SLOVITER, McKEE and AMBRO, <u>Circuit Judges</u>

(Filed:  August 28, 2007)
_____

OPINION
_____

PER CURIAM

Haddrick Byrd appeals from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights lawsuit. For the reasons that follow, we will affirm the order of the District Court.

In 1975, a jury convicted Byrd of murder and robbery. He was sentenced to a term of life imprisonment plus a concurrent term of twenty years on the robbery charge. In 1999, he sued various police detectives, defense attorneys, prosecutors and state and federal judges alleging that his arrest, prosecution, convictions, and ensuing confinement were illegal. See Byrd v. Parris, E.D. Pa. Civ. No. 99-00769 ("Byrd I"). Specifically, his complaint alleged violations of due process and equal protection rights, cruel and unusual punishment, and state law claims of false arrest and imprisonment. All of the federal claims against all of the defendants were dismissed with prejudice because either the defendants were entitled to immunity or the claims would be barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[1]

In his complaint filed in 2006, Byrd alleges claims of false arrest and imprisonment, involuntary servitude, fraud, denial of due process, denial of equal protection, and cruel and unusual punishment, all stemming from his arrest, prosecution, and confinement as a result of his convictions. He seeks declaratory judgment, release from confinement, and compensatory and punitive damages.

_____

[1] The District Court dismissed the state law claims without prejudice to allow Byrd to transfer them to the state court.

2

The District Court identified several grounds for dismissing Byrd's lawsuit. At the outset, the District Court noted that Byrd's present action is "nearly identical" to Byrd I, the action he brought in 1999. As a result, the court ultimately concluded that the issue preclusion and claim preclusion doctrines serve as a bar to Byrd's present lawsuit. We agree.

Claim preclusion applies when there is a final judgment on the merits involving the same parties or their privies and a subsequent suit based upon the same causes of action. United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984). With respect to the identity of causes of action, this Court has reasoned: "Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims . . .." Id. at 983-94 (citation omitted).

Here, in both lawsuits, the underlying events giving rise to the various legal claims are undoubtedly the same: Byrd's arrest, prosecution, and confinement for the murder and robbery. As the District Court noted, the acts complained of and the relief sought in the cases are virtually the same; the theories of recovery are the same; the same witnesses and documents would be necessary for both actions; and the material facts alleged are the same. See id.

Furthermore, collateral estoppel (issue preclusion) precludes the re-litigation of issues where they have been actually litigated and determined adversely to the party or their privies. See New Jersey-Philadelphia Presbytery of the Bible Presbyterian Church

3

v. New Jersey State Board of Higher Education, 654 F.2d 868, 876 (3d Cir. 1981). This also means that even if Byrd wanted to sue some different parties this time around, he is precluded from doing so: "[i]f a party is precluded from relitigating an issue with an opposing party, he is also precluded from doing so with another person unless he lacked a full and fair opportunity to litigate the issue in the first action or unless other circumstances justify affording him an opportunity to relitigate the issue." Melikian v. Corradetti, 791 F.2d 274, 277-78 (3d Cir. 1986). Byrd has not presented any such circumstances that would justify allowing him to relitigate any of the issues from his first action.[2]

Moreover, even if the principles of res judicata did not apply to Byrd's lawsuit, the statute of limitations would present an insurmountable bar to Byrd's claims. The statute of limitations for any § 1983 claim is the forum state's limitations statute for personal injury actions. See Wallace v. Kato, 127 S. Ct. 1091, 1094 (2007). Here, the applicable limitations period would be Pennsylvania's two-year statute of limitations on personal injury actions. See 42 Pa. Cons. Stat. Ann. § 5524. Byrd was arrested thirty years ago and clearly could have filed his lawsuit before now. Wallace, 127 S. Ct. at 1095. Byrd's attempt to argue that the continuing wrong doctrine applies to his situation is flawed; his

---

[2] Byrd contends that he should be able to relitigate the false arrest and wrongful confinement claims because the state court "has refused to rule on [them] until the plaintiff is released from prison." (Appellant's Brief, at A-11.) These are state claims that were permitted to be transferred to the state court in Byrd I. Nothing that Byrd argues in his brief with respect to these claims would justify the relitigating these issues. See Melikian, 791 F.2d at 277-78.

recent letter-writing campaign to various officials cannot resurrect his defunct claims.[3]

We will affirm the District Court's order dismissing Byrd's complaint.

---

[3] We do not disagree with the other bases cited by the District Court for dismissal of the lawsuit. Given the conclusive bars of claim and issue preclusion, as well as the statute of limitations, we need not address the rest of the Court's analysis.